2280
2440
1640

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DU PAGE COUNTY, ILLINOIS – CHANCERY DIVISION

KYLE A. HUDSON                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   Case No. 12-MR-001526
                                        )
CHICAGO MINIBUS TRAVEL, INC.            )
                                        )
        Defendant.                      )

**TEMPORARY RESTRAINING ORDER**

This cause coming to be heard on KYLE HUDSON'S EMERGENCY MOTION FOR AN EX-PARTE TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION ~~without notice~~ with notice to the Defendant and with the Court being duly advised in the premises;

IT IS HEREBY ORDERED:

1. Plaintiff's Motion is GRANTED in part & denied in part.

2. This Temporary Restraining Order is being entered ~~without notice to the Defendant~~ with email & telephone notice.

3. The Court specifically finds as follows:

    a. Plaintiff has an ascertainable claim for relief namely protection of his contractually afforded rights under the Settlement Agreement, Note, and the Agreed Order (as those terms are defined in Plaintiff's Motion); [to obtain control of CM by Plai for te purpose of an orderly liquidation of the business]
    b. Plaintiff is likely to succeed on the merits in proving that Defendant has not complied with the terms of the Settlement Agreement, Note, or Agreed Order;
    c. Plaintiff will suffer irreparable harm and damage if this Temporary Restraining Order is not entered; and
    d. Plaintiff has no adequate remedy at law.


EXHIBIT A

4. This Temporary Restraining Order is necessary to maintain the status quo between the parties.

5. This Temporary Restraining Order shall be in effect ~~for fourteen days beginning~~ from September 24, 2014 at 1:30 p.m., the date and time this Temporary Restraining Order was entered. until a preliminary injunction hearing as provided below.

~~6. Defendant must continue its business operations, may not cease doing business, and must re-open its business operations while this Temporary Restraining Order is in effect.~~

7. Defendant and anyone acting in concert with Defendant including Zetty Hu must immediately turn over ~~all stock and immediate~~ control of the CMT business, to Plaintiff bank accounts, banks, customers including providing unfettered access to the offices and records of the business, to Joanne Hudson, Kyle Hudson, and the Consultant for the purpose of supervising an orderly liquidation of the business.

8. Any third party landlord, or their agent, with access to the business premises is hereby ordered to arrange immediately for Kyle Hudson, Joanne Hudson, and the Consultant to access Defendant's business premises.

9. This matter is set for hearing on a preliminary injunction on November 6, 2014 at 1:30 in Room 2005.

ENTERED: _____
Judge

9-24-14
Date and time

2:10 entered

2